# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>                    v.<br><br>RENE NEIL MALABASCO LAXA,<br><br>                    Defendant. | Case No. 3:20-cr-00015-SLG-MMS-2 |

## ORDER ON MOTIONS FOR COMPASSIONATE RELEASE

Before the Court at Docket 207 is Defendant Rene Neil Malabasco Laxa's pro se Motion for Compassionate Release. Counsel filed an amended motion at Docket 214. The Government filed a response in opposition at Docket 216. The U.S. Probation Office for the District of Alaska filed a sealed Compassionate Release Investigation Report at Docket 210.

On November 15, 2021, this Court sentenced Mr. Laxa to 120 months' imprisonment pursuant to a mandatory minimum after he pled guilty to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).[1] Mr. Laxa is currently in custody at Big Sandy United States Penitentiary with a projected release date of May 13, 2029.[2] Mr. Laxa asks the Court to release him from

---

[1] Docket 196 at 1-2.

[2] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Sept. 25, 2025).

custody and to impose a longer term of supervision.[3] For the reasons below, the Court denies Mr. Laxa's motions.

## I.    Applicable Law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction.[4] Before seeking compassionate release in district court, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5]

If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits.  To reduce a sentence on the merits, a court must find that "extraordinary and compelling reasons"—as set forth in the applicable policy statements issued by the Sentencing Commission—and the applicable 18 U.S.C. § 3553(a) factors warrant a sentence reduction.[6] Although a district court must make both findings "before it *grants* compassionate release, a

---

[3] Docket 214 at 5; Docket 207 at 5.

[4] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[5] 18 U.S.C. § 3582(c)(1)(A).

[6] 18 U.S.C. § 3582(c).

Case No. 3:20-cr-00015-SLG-MMS-2, *United States v. Laxa*
Order on Motions for Compassionate Release
Page 2 of 6
Case 3:20-cr-00015-SLG-MMS    Document 217    Filed 10/08/25    Page 2 of 6

district court that properly *denies* compassionate release need not evaluate each step."[7]

"Congress has only placed two limitations directly on extraordinary and compelling reasons: the requirement that district courts are bound by the Sentencing Commission's policy statement and the requirement that 'rehabilitation alone' is not extraordinary and compelling."[8] The policy statement at U.S.S.G. § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," applies to both BOP-filed and defendant-filed compassionate release motions.[9] Pursuant to § 1B1.13, extraordinary and compelling reasons include when the caregiver of the defendant's minor child dies or becomes incapacitated.[10] The policy statement also includes a catchall provision for "other reasons" that might constitute an extraordinary or compelling reason warranting a sentence reduction, and a court may consider "any other circumstance or combination of

---

[7] *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphasis in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

[8] *United States v. Roper*, 72 F.4th 1097, 1100 (9th Cir. 2023) (alteration omitted) (quoting *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)).

[9] *See* U.S. Sent'g Guidelines Manual § 1B1.13(a) (U.S. Sent'g Comm'n 2024) ("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . .").

[10] *Id.* § 1B1.13(b)(3)(A).

Case No. 3:20-cr-00015-SLG-MMS-2, *United States v. Laxa*
Order on Motions for Compassionate Release
Page 3 of 6
Case 3:20-cr-00015-SLG-MMS    Document 217    Filed 10/08/25    Page 3 of 6

circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons.[11]

Further, pursuant to both 28 U.S.C. § 994(t) and § 1B1.13, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . . . However, rehabilitation of the defendant . . . may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."[12]

## II. Discussion

As an initial matter, the Court finds that Mr. Laxa has exhausted his administrative remedies. Counsel submitted a request for compassionate release to the warden of his facility on May 15, 2025.[13]

Turning to the merits, Mr. Laxa contends that he is eligible for a sentence reduction because his wife, who is the mother of their three minor children, is "not mentally stable" and is unable "to take care of [his] children."[14] He states that his wife lost her job in December 2024 and, in April 2025, "lost the family home due to falling behind in payments. She now lives with her parents in Anchorage who are

---

[11] *Id.* § 1B1.13(b)(5).

[12] *Id.* § 1B1.13(d).

[13] Docket 214-1.

[14] Docket 207 at 5; Docket 214 at 4.

Case No. 3:20-cr-00015-SLG-MMS-2, *United States v. Laxa*
Order on Motions for Compassionate Release
Page 4 of 6

Case 3:20-cr-00015-SLG-MMS    Document 217    Filed 10/08/25    Page 4 of 6

in their 50's, along with her 4 children."[15] Mr. Laxa expresses concern that his children will be removed from his wife's care and placed in state custody.[16] While in custody, Mr. Laxa has completed approximately 14 programs, including drug education and anger management.[17]

Mr. Laxa maintains that his wife's mental health and the loss of their home constitutes an extraordinary and compelling reason for release pursuant to § 1B1.13(b)(3)(A).[18] While it appears that Mr. Laxa's wife may be struggling, she is living with her parents and children, and there is no other indication that she is incapacitated. Section 1B1.13(b)(3)(A) applies when the caregiver of a defendant's minor children is incapacitated. Further, while the Court commends Mr. Laxa's rehabilitative efforts while in custody, rehabilitation alone is not an extraordinary and compelling reason for release. And the Court finds that Mr. Laxa's family circumstances in combination with his rehabilitation are not "similar in gravity" to the extraordinary and compelling reasons enumerated in the Guidelines.[19]

---

[15] Docket 214 at 4.

[16] Docket 214 at 4.

[17] Docket 214 at 5.

[18] Docket 214 at 7.

[19] Guidelines Manual § 1B1.13(b)(5).

Case No. 3:20-cr-00015-SLG-MMS-2, *United States v. Laxa*
Order on Motions for Compassionate Release
Page 5 of 6
Case 3:20-cr-00015-SLG-MMS   Document 217   Filed 10/08/25   Page 5 of 6

The Court therefore finds that Mr. Laxa has not shown that an extraordinary and compelling reason warrants his release and Mr. Laxa's Motions for Compassionate Release at Docket 207 and 214 are **DENIED**.

DATED this 8th day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cr-00015-SLG-MMS-2, *United States v. Laxa*
Order on Motions for Compassionate Release
Page 6 of 6

Case 3:20-cr-00015-SLG-MMS   Document 217   Filed 10/08/25   Page 6 of 6